UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                            Plaintiff,                04-CV-6300T

                    v.                            **DECISION**
                                                          **and ORDER**

DRESSER-RAND COMPANY,

                            Defendant.

---

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this action against the defendant Dresser-Rand Corporation ("Dresser-Rand"), (a manufacturer of custom turbines, compressors, and other industrial products) pursuant to Title VII of the Civil Rights Act of 1964 claiming that the defendant discriminated against employee Harry Davis ("Davis") on the basis of his religious beliefs.  Specifically, the EEOC contends that the defendant failed to make or offer reasonable accommodations to Davis to accommodate his religious beliefs which prevent him from working on equipment intended for use in implements of war.  In December, 2002, Davis, who worked as a skilled machine tool operator, refused to work on a part intended for use in a United States naval submarine.  He was cited for insubordination, and, after refusing to take a position in the shipping department of Dresser-Rand, was fired.

1

Defendant Dresser-Rand now moves for summary judgment against the EEOC on grounds that because it offered the plaintiff a reasonable employment alternative that would have accommodated his religious convictions, and because Davis refused to accept that accommodation, the company may not be held liable for religious discrimination.  Moreover, the defendant contends that it was not required to afford Davis his preferred accommodation because to do so would have caused undue hardship to the company.

Plaintiff opposes defendant's motion on grounds that there are several material issues of fact in dispute, and therefore a grant of summary judgment is not appropriate.  In support of its contention, the EEOC claims that the defendant could have accommodated Davis as it had done so in the past--by switching Davis to another machine when he would have otherwise been required to work on military parts.  The EEOC contends that there is a question of fact as to whether or not Dresser-Rand offered Davis an accommodation, and, if it did, whether or not the accommodation offered was reasonable.

For the reasons set forth below, I find that there are questions of fact as to whether or not Davis was offered a reasonable accommodation, and therefore, I deny defendant's motion for summary judgment.

BACKGROUND

Harry Davis was employed as a Machine Tool Operator by defendant Dresser-Rand Company from 1974 to 1982, and from 1986 until December, 2002. According to the Complaint, Davis is a member of the Jehovah's Witness faith, and has been practicing his faith for more than 25 years. One of the tenets of Davis' faith is that he may not perform work on any part or product that could be used as an implement of war. As a result, on any occasion that he had been asked to work on projects that involved orders from any of the Armed Services, Davis refused to work on such projects, and the projects were assigned to other machine operators. It is undisputed for purposes of this motion that Davis' supervisors were aware that Davis' religious convictions prohibited him from working on military projects.

On or about December 9, 2002, Davis was asked to work on a project for the United States Navy. As he had in the past, Davis informed his supervisor that he could not work on the project. Because he refused to carry out an assignment, Davis was immediately placed on suspension. Pursuant to a collective bargaining agreement in place at the time, a meeting was held between a company representative, a union representative, and Davis. According to the defendant, in an effort to accommodate Davis' religious beliefs, he was offered a position in the shipping department. The defendant contends that this was the only position

available that could have accommodated Davis' beliefs.  Davis contends that he was not officially offered a position in the shipping department, and in any event, the shipping department position was not a reasonable accommodation.

Because the parties were unable to reach an agreement with respect to how Davis' religious beliefs could be accommodated, Dresser-Rand terminated Davis' employment.  Thereafter, Davis filed an administrative complaint with the EEOC claiming that the defendant discriminated against him on the basis of his religious beliefs.  The EEOC then commenced this action by Complaint dated June 29, 2004,

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could

find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

Section § 703 (a)(1) of the Civil Rights Act of 1964 ("Title VII") provides that it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion."  42 U.S.C. § 2000e-2(a)(1).  Pursuant to this Section, "it is 'an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees.'"  Baker v. The Home Depot, 445 F.3d 541, 546 (2nd Cir. 2006)(quoting Trans World Airlines. Inc. v. Hardison, 432 U.S. 63, 74 (1977)).  If, however, an employer adequately demonstrates that it cannot reasonably accommodate an employee's religious needs without undue hardship on the conduct of its business, the employer will not be found to have violated Title VII.  42 U.S.C. § 2000e(j); Philbrook v. Ansonia Board of Education, 757 F.2d 476, 481 (2d Cir.1985).

A plaintiff asserting a religious discrimination claim under Title VII bears the initial burden of establishing a prima facie case of discrimination by demonstrating that he: (1) holds a bona fide religious belief that conflicts with an employment

requirement; (2) informed his employer of this belief; and (3) was disciplined for failing to comply with the employment requirement. Baker, 445 F.3d at 546; Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir.2002).  Once the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendant to demonstrate that he offered the plaintiff a reasonable accommodation.  Baker, 445 F.3d at 546.  Where a reasonable accommodation is provided, the statutory inquiry ends and defendant is not liable under Title VII. Cosme, 287 F.3d at 158.

In the instant case, for purposes of this motion, there is no dispute that plaintiff has stated a prima facie of discrimination. The EEOC has established that Davis holds a bona fide religious belief which prevents him from working on parts that are intended for use in implements of war.  The EEOC has further established that Davis informed Dresser-Rand of his religious objections to working on such parts, and that his employment was terminated as a result of his refusal to work on those parts.

Once the plaintiff has established a prima facie case of religious discrimination, it is incumbent upon the defendant to establish that it offered the employee a reasonable accommodation or that no reasonable accommodation exists, and therefore the employee could not be offered such an accommodation.  In the instant case, Dresser-Rand contends that it offered Davis a reasonable accommodation by offering him a position in the shipping

department, which would have accommodated his need to perform non-military work.  Whether or not an accommodation is reasonable, however, is generally a question of fact for the trier of fact.  Smith v. Pyro Mining, Inc., 827 F.2d 1081, 1085 (6th Cir. 1987).  As stated by the Court in Smith:

> The reasonableness of an employer's attempt at accommodation cannot be determined in a vacuum. Instead, it must be determined on a case-by-case basis; what may be a reasonable accommodation for one employee may not be reasonable for another. In Redmond v. GAF Corp., 574 F.2d 897, 90203 (7th Cir.1978), the Seventh Circuit noted that: The term "reasonable accommodation" is a relative term and cannot be given a hard and fast meaning. Each case involving such a determination necessarily depends upon its own facts and circumstances, and comes down to a determination of "reasonableness" under the unique circumstances of the individual employer-employee relationship. The trier of fact is in the best position to weigh these considerations.

Smith, 827 F.2d at 1085.

In this case there are several issues of fact regarding whether or not the offer of a position in the shipping department, (if it was even made)  was reasonable under the circumstances.  Davis contends that the shipping position was never formally offered to him, and that in any event, the offered accommodation was not reasonable under the circumstances.  Similarly, there are questions as to whether or not the defendant was capable of offering a reasonable accommodation to Davis.  Defendant contends that if the shipping position was deemed not to be a reasonable

accommodation, then there was no position available in the company in which Davis' religious convictions could have been reasonably accommodated.    The defendant contends that allowing Davis to switch assignments would have caused an undue burden, and therefore it could not have been required to make such an accommodation.  The plaintiff counters, however, that such an accommodation had worked well for decades during Davis' employment, caused no undue hardship, and indeed helped to facilitate work-flow at the company. While this court recognizes that an employer is not required to offer an employee the employee's preferred accommodation, it nevertheless must offer the employee a reasonable one.  <u>Baker</u>, 445 F.3d at 546.  Because there are material questions of fact as to whether or not the defendant offered or could offer a reasonable accommodation to Davis, I deny defendant's motion for summary judgment.

<u>CONCLUSION</u>

For the reasons set forth above, I deny defendant's motion for summary judgment.

For the reasons set forth above, I deny defendant's motion for summary judgment.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
     MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          July 11, 2006

8